COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-220-CR

 

 

CANDICE NUNEZ                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Candice Nunez of driving while intoxicated based on the Aloss of normal use@ prong, and, because she had a prior DWI conviction, the trial court
sentenced her to fifty days= confinement in Tarrant County Jail and a fine of $750.  In two points, Appellant contends that the
evidence is legally and factually insufficient to sustain her conviction.  Because we hold that the evidence is legally
and factually sufficient, we affirm the trial court=s judgment.

At approximately 2:15 a.m. on
a clear fall morning, Officer Darren Yarbrough observed a Toyota Camry weaving
within its own lane on William D. Tate Avenue and then enter the freeway
without signaling a lane change.  The
officer then saw the car speed up to approximately seventy-five miles per hour
in an area where the maximum speed limit was sixty miles per hour.  After Officer Yarbrough turned on his
overhead lights and siren, signaling the Camry driver to stop, it took the
driver about one or one and one-half miles and two minutes to stop, which the
officer viewed as a delayed response.

When Officer Yarbrough
approached the driver, Appellant, he instructed her to get out of her car.  He noticed that she was smoking a freshly lit
cigarette and that her eyes were Ared and watered.@  He smelled the odor of an alcoholic beverage
and noticed that her speech was slurred. 
She admitted that she had had one drink before driving.  The officer then administered field sobriety
tests.








On the HGN test, Appellant
exhibited all six clues for intoxication. 
In both eyes, there was a lack of smooth pursuit, jerking, and an onset
of these symptoms prior to approximately forty-five degrees.  On the walk-and-turn test, Appellant
exhibited five out of eight clues for intoxication.  She took more than twice the number of
instructed steps on both portions of the test, started too soon, stepped off
the line, lost her balance during a turn, and turned incorrectly.  On the one-legged stand, Appellant exhibited
two out of four clues, swaying during the test and putting her foot down before
the time expired.  The officer then
arrested Appellant and took her to the Grapevine City Jail, where she refused
to provide a breath sample.  The
videotape of the field sobriety tests and breath test refusal was admitted into
evidence.








Appellant does not
specifically challenge this evidence but, relying on Gaddis v. State,[2]
argues that the State unduly relied on the evidence that she refused to provide
a breath sample.  Gaddis actually
supports the State=s use of the
evidence of Appellant=s refusal
and the State=s inference
in closing argument that Appellant refused the test because she was
intoxicated.[3]  Accordingly, based on the appropriate
standards of review,[4]
we hold that the evidence is legally and factually sufficient to support
Appellant=s conviction
and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, WALKER,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
May 3, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]753
S.W.2d 396, 399-400 (Tex. Crim. App. 1988).





[3]Id.; see
also Tex. Transp. Code Ann. '
724.015(1) (Vernon Supp. 2006) 
(providing that refusal Amay be admissible in a
subsequent prosecution@).





[4]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both
providing legal sufficiency standard of review); Watson v. State, 204
S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); Drichas v. State, 175
S.W.3d 795, 799 (Tex. Crim. App. 2005); Sims v. State, 99 S.W.3d 600,
603 (Tex. Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 8-9, 11-12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997) (all providing factual sufficiency standard of review).